UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| INLAND & OFFSHORE CONTRACTORS, LTD. | * * * | CIVIL ACTION |
| | * | NO. 2:15-cv-5675 |
| Plaintiff | * * | JUDGE _____ |
| VERSUS | * * | MAGISTRATE _____ |
| DAVID HASSELMAN and INTERNATIONAL MARINE SALES AND EXPORT, LLC | * * * | |
| Defendants | * * | |
| * * * * * * * * * * * * * * * * * * * | * | |

## **COMPLAINT**

**NOW INTO COURT**, through undersigned counsel, comes Inland & Offshore Contractors, Ltd. ("IOCL"), who submits its Complaint against David Hasselman and International Marine Sales and Export, LLC, and in support thereof avers:

1.

Made defendant herein is David Hasselman ("Hasselman"), an individual of the full age of majority, domiciled in Brevard County, Florida.

2.

Also made defendant herein is International Marine Sales and Export, LLC ("IMSE"), a Florida limited liability company with its principal place of business in Bevard County, Florida.

{N1062330 -}

3.

This Court has subject matter jurisdiction over IOCL's Complaint pursuant to 28 U.S.C. §1332 since the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs and the plaintiff and defendants are diverse in citizenship.

4.

Venue is proper in this district under 28 U.S.C §1391(b)(3).

5.

This Court has personal jurisdiction over Hasselman and IMSE because Hasselman and IMSE have purposefully directed activities, and regularly conducted business, in Louisiana, the forum state.

**Factual Background**

6.

IMSE is a broker of vessels and marine equipment. Hasselman is IMSE's principal.

7.

At all times material hereto, Hasselman was the only representative of IMSE that communicated, or otherwise conducted business, with IOCL.

8.

In April of 2015, IMSE, acting through Hasselman, agreed to sell four (4) Cummins model KTA19 marine engines (the "Engines") to IOCL.

9.

In connection with its agreement to sell the Engines to IOCL, Hasselman and/or IMSE required IOCL to pay a portion of the purchase price for the Engines in advance.

10.

On or about April 29, 2015 and at the request of Hasselman and/or IMSE, IOCL wired $40,000.00 to IMSE as an advance payment on the purchase price of the Engines. A copy of the wire transfer receipt evidencing IOCL's advance payment of $40,000.00 to IMES is attached as Exhibit A hereto.

11.

On May 28, 2015, IMSE, through Hasselman, wrote to IOCL to confirm its receipt of $40,000.00 towards the purchase price of the Engines, and requested that IOCL remit an additional advance payment on the purchase price of the Engines in the sum of $60,000.00.

12.

On or about June 15, 2015, IOCL wired a second advance payment, in the sum of $60,000.00, toward the purchase price of the Engines. A copy of the wire transfer receipt evidencing IOCL's advance payment of $60,000.00 to IMES is attached as Exhibit B, hereto.

13.

On June 29, 2015, Hasselman wrote to IOCL to confirm that IMSE had received $100,000.00 (collectively, the "Advance Payments") from IOCL and advised that the Engines should be delivered to IMSE in Florida that week.

14.

Three weeks later, on Monday, July 20, 2015 Hasselman wrote to IOCL advising that he expected "delivery to the freight forwarder by Wednesday."

15.

On July 29, 2015, because it had not received any update from IMSE or Hasselman, IOCL demanded that IMSE refund the Advance Payments if the Engines could not be shipped by the end of the week.

16.

On August 10, 2015, Hasselman wrote to IOCL and agreed that IMSE would refund IOCL's Advance Payments. A copy of Hasselman's August 10, 2015 correspondence to IOCL is attached hereto as Exhibit C.

17.

Despite amicable demand, Hasselman and/or IMSE failed to refund any portion of the Advance Payments.

18.

Despite demand from IOCL, Hasselman and/or IMSE continue to unlawfully possess $100,000.00 of IOCL's money.

19.

Hasselman and/or IMSE have retained the Advance Payments for his or its own use with no intention of honoring its contract to sell the Engines to IOCL.

20.

Hasselman's and/or IMSE's continued unlawful possession of the Advance Payments has resulted in damages to IOCL including but not limited to: loss of use of its funds in the sum of $100,000.00; lost profits due to IOCL's inability to utilize the Engines; and other consequential damages that will be proven at trial of this matter.

## FIRST CAUSE OF ACTION – FRAUD IN THE INDUCEMENT

21.

IOCL re-alleges and re-avers each of the foregoing allegations as if set forth herein, *in extenso*.

22.

IOCL would never have agreed to purchase the Engines from IMSE and would never have advanced the Advance Payments to IMSE, if IOCL had known that Hasselman and/or IMSE intended to retain and convert the Advance Payments for their own use.

23.

Hasselman's and/or IMSE's conduct in inducing IOCL to remit the Advance Payments to IMSE without intending to honor the contract to sell the Engines and/or return the Deposit to IOCL, as discussed in Paragraphs 8 through 19 above, constitutes fraud and/or fraud in the inducement pursuant to Louisiana Civil Code article 1953, *et seq*.

24.

Accordingly, IOCL is entitled to recover all of its provable damages, its including attorney fees pursuant to Louisiana Civil Code article 1958.

## SECOND CAUSE OF ACTION – CONVERSION

25.

IOCL re-alleges and re-avers each of the foregoing allegations as if set forth herein, *in extenso*.

26.

Hasselman's and/or IMSE's failure to return to IOCL, and continued unlawful possession of, the Advance Payments as stated in Paragraphs 8 through 19, above, constitutes conversion of IOCL's property.

27.

IOCL is entitled to all damages, including but not limited to the return of the $100,000.00 Advance Payments and consequential damages, resulting from Hasselman's and/or IMSE's conversion of its property.

### THIRD CAUSE OF ACTION – BREACH OF CONTRACT

28.

IOCL re-alleges and re-avers each of the foregoing allegations as if set forth herein, *in extenso*.

29.

Hasselman's and/or IMSE's failure to perform its agreement to sell and deliver the Engines to IOCL constitutes a breach of contract.

30.

IOCL is entitled to all damages including, but not limited to, the return of the Advance Payments and any and all consequential damages to be proven at trial, resulting from Hasselman's and/or IMSE's breach of the contract to sell the Engines to IOCL.

### FOURTH CAUSE OF ACTION – CIVIL THEFT OR EXPLOITATION PURSUANT TO F.S.A §722.11

31.

IOCL re-alleges and re-avers each of the foregoing allegations as if set forth herein, *in extenso*.

32.

On September 25, 2015, undersigned counsel for IOCL made written demand upon Hasselman and IMSE for the return of IOCL's Advance Payments. This written demand was made pursuant to Florida Statute 722.11(1), which is applicable to claims for civil theft or exploitation, and provides civil remedies for any violation of F.S.A. §§812.012-812.037 or 825.103(1). A copy of IOCL's demand letter, dated September 25, 2015, is attached hereto as Exhibit D.

33.

More than thirty (30) days has passed since the date Hasselman and IMSE received the September 25, 2015 demand letter. Hasselman and IMSE have failed to respond to said demand letter, and remain in unlawful possession of IOCL's Advance Payments, in the sum of $100,000.00, to date.

34.

Hasselman's and/or IMSE's failure to return to IOCL, and continued unlawful possession of, the Advance Payments constitutes theft or grand theft in the second degree pursuant to F.S.A. §812.014(1)(a) and (2)(a)(1).

35.

As a result of Hasselman's and/or IMSE's theft of IOCL's $100,000.00 Advance Payments, IOCL is entitled to recover "threefold the actual damages sustained" by IOCL, as well as attorney's fees and court costs in the trial and appellate courts pursuant to F.S.A. §722.11(1), and all other damages to be proven at trial of this matter.

**WHEREFORE**, Inland & Offshore Contractors, Ltd. prays that its Complaint be served on defendants, David W. Hasselman and International Marine Sales & Export, LLC, and after all

proceedings are had, judgment be rendered in its favor and against David W. Hasselman and International Marine Sales & Export, LLC as follows:

1.) Awarding Inland & Offshore Contractors, Ltd. all damages, including the return of the Advance Payments, any and all consequential damages and attorney's fees, resulting from David W. Hasselman's and/or International Marine Sales & Export, LLC's fraudulent inducement of Inland & Offshore Contractors, Ltd. to remit $100,000.00 in advance payments for the purchase of four (4) Cummins model KTA19 marine engines from International Marine Sales & Export, LLC;

2.) Awarding Inland & Offshore Contractors, Ltd. all damages, including the return of the Advance Payments, any and all consequential damages and attorney's fees, resulting from David W. Hasselman's and/or International Marine Sales & Export, LLC acts of conversion and breach of its contract with Inland & Offshore Contractors, Ltd.;

3.) Awarding Inland & Offshore Contractors, Ltd. threefold its actual damages sustained, as well as all of its attorney's fees and costs pursuant to F.S.A. §722.11(1), as a result of from David W. Hasselman's and/or International Marine Sales & Export, LLC acts of civil theft and/or exploitation;

4.) Judicial interest running from August 10, 2015, the date that David W. Hasselman and/or International Marine Sales & Export, LLC agreed to refund the Advance Payments to Inland & Offshore Contractors, Ltd.; and

5.) All other general and equitable relief deemed just and owing under the circumstances.

Respectfully submitted:

/s/ Henry A. King
**HENRY A. KING, T.A. (LA Bar No. 7393)**
**JOHN A. CANGELOSI (LA Bar No. 26835)**
**KING, KREBS & JURGENS, P.L.L.C.**
201 St. Charles Avenue, 45th Floor
New Orleans, Louisiana 70170
Telephone: (504) 582-3800
Facsimile: (504) 582-1233

*Attorneys for Inland & Offshore Contractors, Ltd.*