UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**INLAND & OFFSHORE CONTRACTORS, LTD.**                     **CIVIL ACTION**

**VERSUS**                                                  **No. 15-5675**

**DAVID HASSELMAN ET AL.**                                  **SECTION I**

## ORDER AND REASONS

Plaintiff has filed a motion[1] for entry of a default judgment with the Clerk of Court ("Clerk"). Pursuant to Rule 55(b)(1) of the Federal Rules of Civil Procedure, however, the Clerk is without power to grant a default judgment unless the plaintiff's claim is for a "sum certain or a sum that can be made certain by computation" and the claim is supported by "an affidavit showing the amount due." If the claim is not for a sum certain, a party must apply to the Court for a default judgment pursuant to Rule 55(b)(2).

Plaintiff's complaint alleges that it suffered damages in the amount of $100,000.00 as the result of defendants' actions as well as "lost profits due to [plaintiff's] inability to utilize the Engines [that were the subject of plaintiff's contract with defendants]" and consequential damages.[2] It also alleges that plaintiff is entitled to treble damages, attorney's fees, and costs pursuant to Florida law.[3] *See* Fla. Stat. § 772.11. Accordingly, plaintiff's motion for a default judgment claims entitlement to a "sum certain" of $300,000.00, which consists of the $100,000.00 of actual damages trebled. Plaintiff's proposed judgment suggests that the Clerk award plaintiff $300,000.00 "plus costs and attorney's fees together with judicial interest from the date of

---

[1] R. Doc. No. 10.
[2] R. Doc. No. 1, at 4.
[3] R. Doc. No. 1, at 7.

demand," and it also provides that "[t]he award of attorney's fees shall be fixed upon separate motion to the Court."[4]

This proposed order cannot be granted by the Clerk. The proposed judgment awards plaintiff attorney's fees without determining the amount of those fees. The Clerk cannot enter judgment as to that undetermined amount because it is not a "sum certain." *See* Fed. R. Civ. P. 55(b)(1); *Duncan v. Tangipahoa Par. Council*, No. 08-3840, 2009 WL 2514150, at *2 (E.D. La. Aug. 12, 2009) (Engelhardt, J.) (holding that the Clerk's entry of a default judgment that contained "no specific assessment of damages" was "improvidently entered and should be set aside"); C. Wright, A. Miller & M. Kane, Federal Practice and Procedure § 2683 at 416 (3nd ed. 2015) (the Clerk cannot enter a judgment for reasonable attorney's fees).

Furthermore, even with respect to the $300,000.00 requested by plaintiff, the Court concludes that entry of judgment in that amount by the Clerk would be improper. *See Dahill Mgmt. LLC v. Moore*, No. 09-CV-10934-DT, 2009 WL 1664559, at *2 (E.D. Mich. June 15, 2009) (holding that a request for treble damages and attorney's fees was not a request for a "sum certain" and so could not be granted by the Clerk); *Volstad v. Collings*, 983 F.2d 1080 (Table), 1993 WL 7251, at *2 (9th Cir. Jan. 13, 1993) (Rule 55(b)(1) "carefully limits the clerk's authority to those cases where the entry of judgment is purely a ministerial act, since sound policy dictates that the clerk should not be invested with discretionary power") (internal quotation marks, notations, and citations omitted).

While the Court must accept pleaded facts as true, it retains the obligation to determine whether those facts state a claim upon which relief may be granted. *Lewis v. Lynn*, 236 F.3d 766, 767 (5th Cir. 2001); *see also Lindsey, et al. v. Prive Corp., et al.*, 161 F.3d 886, 893 (5th Cir. 1998)

---

[4] R. Doc. No. 10-4.

(entry of default judgment is completely within the Court's discretion). Because, for the reasons set forth below, the Court concludes that the factual allegations in plaintiff's complaint do not state a claim for treble damages pursuant to Fla. Stat. § 772.11, a default judgment in the amount of $300,000.00 is not warranted.

## BACKGROUND

The facts alleged in the complaint, which are deemed admitted,[5] are simple and straightforward. Defendant, International Marine Sales and Export, LLC ("International Marine"), is a broker of vessels and marine equipment.[6] Defendant, David Hasselman ("Hasselman"), is International Marine's principal.[7] In April 2015, International Marine agreed to sell four marine engines to plaintiff.[8] International Marine, through Hasselman, requested advances from plaintiff that totaled $100,000.00.[9] Plaintiff provided these advances, and Hasselman confirmed that International Marine received them on June 29, 2015.[10] Hasselman promised that the engines would be delivered within the week.[11]

Three weeks later, on Monday, July 20, 2015, when the engines had still yet to be received, Hasselman again informed plaintiff that he expected "delivery to the freight forwarder by Wednesday."[12] On July 29, 2015, having received no engines and no further updates, plaintiff demanded the return of the advance payments if the engines could not be shipped by the end of

---

[5] *See Jackson v. FIE Corp.*, 302 F.3d 515, 524–25 (5th Cir. 2002) (explaining that a defendant's failure to respond constitutes an admission of the plaintiff's well-pleaded allegations of fact that relate to liability, but not damages) (internal quotations and citation omitted).
[6] R. Doc. No. 1, at 2.
[7] R. Doc. No. 1, at 2.
[8] R. Doc. No. 1, at 2.
[9] R. Doc. No. 1, at 3.
[10] R. Doc. No. 1, at 3.
[11] R. Doc. No. 1, at 3.
[12] R. Doc. No. 1, at 3.

3

the week.[13] On August 10, 2015, Hasselman agreed that International Marine would refund the amounts.[14] Plaintiff has still yet to receive those funds or the engines[15] and it has now filed the above-captioned lawsuit for damages.

## LAW AND ANALYSIS

Despite being served,[16] defendants failed to answer plaintiff's complaint, and the Clerk entered a default[17] against them on December 24, 2015. *See* Fed. R. Civ. P. 55(a). Plaintiff moved for a default judgment on March 1, 2016,[18] and defendants have not filed any response. Although Rule 55(b)(2) of the Federal Rules of Civil Procedure provides that the Court may hold an evidentiary hearing on this motion, plaintiff does not request a hearing and no hearing is necessary. *See James v. Frame*, 6 F.3d 307, 310 (5th Cir. 1993) (stating that a hearing to decide the amount of damages is unnecessary when that amount can be determined "with certainty by reference to the pleadings and supporting documents").

Accepting as true the allegations of fact in the complaint, the Court finds that plaintiff has sufficiently established that defendants are liable for the $100,000.00 they were advanced by plaintiff.[19] With respect to plaintiff's contention that it is entitled to treble damages, costs, and

---

[13] R. Doc. No. 1, at 4.
[14] R. Doc. No. 1, at 4.
[15] R. Doc. No. 1, at 4.
[16] R. Doc. Nos. 4, 5.
[17] R. Doc. No. 7.
[18] R. Doc. No. 10.
[19] Plaintiff's complaint advances four causes of action: (1) fraud in the inducement pursuant to Louisiana Civil Code article 1953, *et seq.* and attorney's fees pursuant to Louisiana Civil Code article 1958; (2) conversion; (3) breach of contract; and (4) civil theft or exploitation pursuant to Florida Statute § 772.11. R. Doc. No. 1, at 5-7. Plaintiff does not specify which state's laws apply to his second and third causes of action. However, as explained below, plaintiff argues in his motion for default judgment that Florida law applies. R. Doc. No. 10-1, at 2. Furthermore, plaintiff's motion only addresses its claim pursuant to Florida Statute § 772.11. The Court therefore addresses only the claims asserted pursuant to Florida law.

4

attorney's fees pursuant to Fla. Stat. § 772.11,[20] however, the Court disagrees with plaintiff and finds that those penalties are not recoverable pursuant to plaintiff's motion.

Under Florida's civil theft statute, "[a]ny person who proves by clear and convincing evidence that he or she has been injured in any fashion by reason of any violation of ss. 812.012-812.037 or s. 825.103(1) has a cause of action for threefold the actual damages sustained" as well as for "reasonable attorney's fees and court costs." Fla. Stat. § 772.11.[21] However, a potential plaintiff must first make a written demand for payment of treble damages upon a defendant and, if the defendant complies with the demand within thirty days, the defendant is released from further civil liability. *McCormack v. Flens*, 27 So. 3d 179, 181 (Fla. 2d Dist. Ct. App. 2010) (citing Fla. Stat. § 772.11). Plaintiff sent a letter demanding treble damages to Hasselman on September 25,

---

While the Court finds that Fla. Stat. § 772.11 does not entitle plaintiff to damages, defendants' breach of contract clearly entitles plaintiff to recover its $100,000.00 pursuant to Florida law. *See Murciano v. Garcia*, 958 So. 2d 423, 423 (Fla. 3d Dist. Ct. App. 2007) (per curiam) (to prevail on a claim for breach of contract under Florida law, the plaintiff must prove "(1) a valid contract; (2) a material breach; and (3) damages"). Accordingly, the Court will enter judgment in favor of plaintiff in the amount of $100,000.00 pursuant to its claim under Florida contract law. The Court declines, however, to enter default judgment with respect to the other three causes of action contained in plaintiff's complaint.

[20] Plaintiff mistakenly alleges that it is entitled to treble damages pursuant to Florida Statute § 722.11, but the correct section is § 772.11, which provides, in pertinent part:

> Any person who proves by clear and convincing evidence that he or she has been injured in any fashion by reason of any violation of ss. 812.012-812.037 or s. 825.103(1) has a cause of action for threefold the actual damages sustained and, in any such action, is entitled to minimum damages in the amount of $200, and reasonable attorney's fees and court costs in the trial and appellate courts. Before filing an action for damages under this section, the person claiming injury must make a written demand for $200 or the treble damage amount of the person liable for damages under this section. If the person to whom a written demand is made complies with such demand within 30 days after receipt of the demand, that person shall be given a written release from further civil liability for the specific act of theft or exploitation by the person making the written demand. . . .

[21] Plaintiff argues that Florida law applies because both defendants are domiciliaries of Florida and because the advance payments were made in Florida. R. Doc. No. 10-1, at 2.

2015.[22] More than thirty days have elapsed since that date. Plaintiff has therefore satisfied the demand provision with respect to treble damages.

Plaintiff claims that "Hasselman's and/or [International Marine]'s failure to return to [plaintiff], and continued unlawful possession of, the Advance Payments constitutes theft or grand theft in the second degree pursuant to F.S.A. § 812.014(1)(a) and (2)(a)(1)."[23] Florida Statute § 812.014(1)(a) provides that a person commits theft if he or she (a) knowingly (b) obtained or used, or endeavored to obtain or use, plaintiff's property with (c) felonious intent (d) either temporarily or permanently (e) to (1) deprive plaintiff of its right to or a benefit from the property or (2) appropriate the property to his or her own uses or to the use of any person not entitled to the use of the property. Florida Statute § 812.014(2)(a)(1) provides that if the value of the stolen property

---

[22] R. Doc. No. 1-1, at 4.
[23] R. Doc. No. 10-1, at 2-3. Based on plaintiff's allegations, the Court concludes that the claim for treble damages against both defendants should be conducted as a single inquiry. As the court explained in *Priority Healthcare Corp. v. Surajit Chaudhuri, M.D., P.A.*, No. 6:08-CV-425-ORL-KRS, 2008 WL 4459041, at *3 (M.D. Fla. Oct. 1, 2008):

> The general rule in Florida is that an employer may be held vicariously liable for the tortious or criminal acts of its employee when the acts "are committed during the course of employment and to further a purpose or interest, however excessive or misguided, of the employer." *Nazareth v. Herndon Ambulance Serv., Inc.*, 467 So.2d 1076, 1078 (Fla. 5th Dist. Ct. App. 1985). Further, the corporate employer of the perpetrator of a theft or conversion is vicariously liable for punitive damages or treble damages when "(a) the theft or conversion was committed by a managerial employee of the corporation within the scope of the latter's employment; or (b) the theft or conversion was committed by a non-managerial employee of the corporation within the scope of the latter's employment, provided further that the management of the corporation was guilty of some fault which foreseeably contributed to the plaintiff's injury." *McArthur Dairy, Inc. v. Original Kielbs, Inc.*, 481 So.2d 535, 540 (Fla. 3d Dist. Ct. App. 1986) (internal citations omitted).

Plaintiff's allegations here are sufficient for the Court to find that Hasselman was a "managerial employee" of International Marine and that his conduct was within the scope of his employment. Accordingly, plaintiff's claims for treble damages should be sustained against both defendants, or against neither defendant.

is $100,000.00 or more, "the offender commits grand theft in the second degree." Fla. Stat. § 812.014(2)(a)(1).

In order to establish an action pursuant to either statute, "the claimant must prove the statutory elements of theft, as well as criminal intent." *Rhodes v. O. Turner & Co., LLC*, 117 So. 3d 872, 875 (Fla. 4th Dist. Ct. App. 2013) (citing *Gersh v. Cofman*, 769 So.2d 407, 409 (Fla. 4th Dist. Ct. App. 2000)). "[I]ntent may be shown by circumstantial evidence." *Aspen Investments Corp. v. Holzworth*, 587 So. 2d 1374, 1376 (Fla. 4th Dist. Ct. App. 1991). However, "a contract claim standing by itself will never support an award of treble damages." *Trend Setter Villas of Deer Creek v. Villas on the Green, Inc.*, 569 So. 2d 766, 767 (Fla. 4th Dist. Ct. App. 1990). "Where the property at issue is also the subject of a contract between the parties, a civil theft claim requires additional proof of an intricate sophisticated scheme of deceit and theft." *Gersh*, 769 So. 2d at 409 (quoting *Trend Setter Villas*, 569 So.2d at 767). Finally, "[i]t is well-established law in Florida that a simple debt which can be discharged by the payment of money cannot generally form the basis of a claim for conversion or civil theft." *Deforest v. Johnny Chisholm Glob. Events, LLC*, No. 3:08CV498MCREMT, 2010 WL 1792094, at *12 (N.D. Fla. May 4, 2010) report and recommendation adopted, No. 3:08CV498/MCR/EMT, 2010 WL 2278356 (N.D. Fla. June 4, 2010) (citations omitted).

The allegations in the complaint are not sufficient to permit this Court to conclude that International Marine and Hasselman "knowingly obtain[ed] . . . the property of [plaintiff] with intent to, either temporarily or permanently . . . [d]eprive [plaintiff] of a right to the property or a benefit from the property." *See* Fla. Stat. § 812.014(1)(a). While plaintiff's complaint clearly demonstrates that defendants violated their agreement with plaintiff, the circumstances alleged do not support the conclusion that defendants obtained plaintiff's money already intending not to

7

follow through with their contractual obligations. Simply put, plaintiff has not alleged an "intricate sophisticated scheme of deceit and theft." *Gersh*, 769 So. 2d at 409. Accordingly, based on the showing made, treble damages—as well as costs and attorney's fees—are inappropriate under Fla. Stat. § 772.11.[24]

---

[24] The Court also declines to award attorney's fees pursuant Louisiana Civil Code article 1958 given plaintiff's admission that Florida law governs its claim. The Court does, however, award prejudgment interest from the date of plaintiff's demand. As the U.S. Eleventh Circuit Court of Appeals recently explained:

> Under Florida law, there are two prerequisites to an award of prejudgment interest: "(1) [o]ut of pocket pecuniary loss, and (2) a fixed date of loss." *Underhill Fancy Veal, Inc. v. Padot*, 677 So.2d 1378, 1380 (Fla. 1st Dist. Ct. App. 1996) (citation omitted); *see also Argonaut Ins. Co. v. May Plumbing Co.*, 474 So.2d 212, 215 (Fla. 1985) ("[P]laintiff is entitled, as a matter of law, to prejudgment interest . . . from the date of [ ] loss."). In a breach of contract action, the date of loss is the date the debt was due. *Butler Plaza, Inc. v. Allen Trovillion, Inc.*, 389 So.2d 682, 683 (Fla. 5th Dist. Ct. App. 1980) (citation omitted); *Nat'l Fire Ins. Co. of Hartford v. Fortune Constr. Co.*, 320 F.3d 1260, 1279 (11th Cir. 2003).

*Specialized Transp. of Tampa Bay, Inc. v. Nestle Waters N. Am., Inc.*, 356 F. App'x 221, 230 (11th Cir. 2009). Furthermore, "Florida applies the demand requirement to determine the date of loss where no fixed sum was due and no fixed due date was set." *Id.*

In this case, plaintiff clearly suffered an out of pocket pecuniary loss. Therefore, the Court must only determine whether there was a fixed date of loss. After a series of exchanges, plaintiff contacted defendants on July 29, 2015, demanding a refund of the advance payments if the engines "could not be shipped by the end of the week." R. Doc. No. 1, at 4. On August 10, 2015, Hasselman wrote to plaintiff and agreed that International Marine would refund the advance payments. R. Doc. No. 1, at 4. No refund ever came. On September 25, 2015, counsel for plaintiff made a written demand for the return of the payments. The Court will treat September 25, 2015 as the fixed date of plaintiff's loss, and it will award prejudgment interest beginning on that date.

This being a diversity case, the Court finds that the applicable prejudgment rate of interest is that provided in Fla. Stat. § 55.03. *See Boston Old Colony Ins. Co. v. Tiner Associates Inc.*, 288 F.3d 222, 234 (5th Cir. 2002) ("Under 28 U.S.C. § 1961(a), in diversity cases, post-judgment interest is calculated at the federal rate, while pre-judgment interest is calculated under state law."); *Morris-Piard v. Piard*, No. 2D13-5661, 2015 WL 7280167, at *1 (Fla. 2d Dist. Ct. App. Nov. 18, 2015) ("Courts [in Florida] apply the statutory judgment interest rate from the date of loss or entitlement under section 55.03 for purposes of calculation of prejudgment interest.") (citing *Genser v. Reef Condo. Ass'n*, 100 So.3d 760, 762 (Fla. 4th Dist. Ct. App. 2012)); *Holston Investments Inc. B.V.I. v. Lanlogistics, Corp.*, No. 08-21569-CIV, 2010 WL 2495413, at *14 (S.D. Fla. June 18, 2010) (calculating the amount of prejudgment interest in a breach of contract claim

## CONCLUSION

For the foregoing reasons,

**IT IS ORDERED** that plaintiff's motion for default judgment is **GRANTED IN PART AND DENIED IN PART.** The motion is **GRANTED** as to plaintiff's breach of contract claim under Florida law, and judgment is entered in favor of plaintiff and against defendants in the amount of **$100,000.00** plus prejudgment interest calculated using the statutory rate of interest found in **Fla. Stat. § 55.03**, with the accrual of prejudgment interest beginning on **September 25, 2015**. The motion is **DENIED** in all other respects.

**IT IS FURTHER ORDERED** that plaintiff's remaining claims are **DISMISSED WITHOUT PREJUDICE**.

.

New Orleans, Louisiana, March 4, 2016.

_____
LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE

---

under Florida law by using "the statutory rate of interest found in section 55.03 of the Florida Statutes").